PER CURIAM.
Appellant seeks reversal of the denial of a motion filed under Rule 3.850, Florida Rules of Criminal Procedure, contending that he was denied effective assistance of trial counsel because his privately retained attorney did not adequately research and present the defenses of insanity or voluntary intoxication. We affirm.
Appellant was convicted of first degree murder and was sentenced to life imprisonment. The victim of the homicide was appellant’s wife. In his motion, appellant states that he and his wife had been separated, but on the day of the offense, he had gone to his wife’s residence to discuss a reconciliation. Appellant drove his automobile from his Madison home to his wife’s Live Oak residence, and shortly after arriving, fatally shot his wife. He states further in his motion that he had been drinking beer and whiskey that day at his sister-in-law’s, and claims to have had an alcohol-induced blackout at the time of the offense. At the hearing on his motion for postcon-viction relief, appellant conceded he was not really sure what he drank at his sister-in-law’s house.
It. was also stated in the motion that appellant had been attending counseling sessions at a local mental health clinic for treatment of a “psychiatric condition” and alcoholism. According to allegations made in the motion, appellant tried to communicate his psychiatric condition and history of alcohol abuse to his defense attorney, but *1194 the counselor, appellant claims, dismissed this information as not useful. Appellant takes issue with his attorney’s failure to conduct an independent investigation of appellant’s mental history and alcohol abuse in that he did not obtain appellant’s records from the mental health clinic.
Upon receipt of the motion, the trial court conducted an evidentiary hearing at which appellant, Dr. Krop, a clinical psychologist called by appellant, and appellant’s trial attorney testified. Admitted into evidence was a transcript of appellant’s statement to police made within hours of the offense. Also admitted was appellant’s file from the mental health clinic as well as Dr. Krop’s report prepared after examination of the appellant.
We cannot say that the trial court erred in finding that appellant failed to satisfy his burden of proving ineffective assistance. It is well-established that in order to prevail on such a claim, a movant must show that counsel was deficient and committed errors so serious as to undermine confidence in the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a decision not to investigate “must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel’s judgments.” 466 U.S. at 691, 104 S.Ct. at 2066. The reasonableness of counsel’s actions may be determined or substantially influenced by a defendant’s own statements or actions, so that which “investigation decisions are reasonable depends critically on such information.” Id.
When judging a claim of ineffective assistance, a court must endeavor to eliminate the “distorting effects of hindsight by evaluating the performance from counsel’s perspective at the time” in question. Blan-co v. Wainwright, 507 So.2d 1377, 1381 (Fla.1987), quoted in, Bertolotti v. State, 534 So.2d 386, 387 (Fla.1988). There is no indication that appellant was insane at the time of the offense, and although he claims an investigation of his mental history should have been made, appellant never claims to be or ever have been insane. Certainly there is no indication in the medical records that appellant suffered a mental condition approximating insanity on or about the time of the offense despite his postconviction representations that he suffered from a “psychiatric condition.” Significantly, appellant’s expert witness, Dr. Krop, specifically testified that it was his opinion, given the information he received and the evidence adduced at trial, that appellant was not insane at the time the offense was committed. Given the evidence available, including appellant’s statements and actions to his counsel and police, it does not appear that the performance of appellant’s counsel was deficient for failure to pursue a defense which had no basis in fact.
Similarly, given the available evidence, trial counsel was justified in not using the voluntary intoxication defense, and so his performance was not deficient on this account. There is no proof apart from appellant’s postconviction representations that he was intoxicated when he killed his wife.[1] In fact, the evidence belies such a claim. Appellant had turned himself over to police approximately six hours after the offense. He told police at that time that he had shared a quart of beer with his sister-in-law a half hour before leaving his Madison home for Live Oak, but he never mentioned whiskey. Following the homicide, appellant drove a different way home and was able to specifically describe to police the route taken. Appellant’s trial counsel testified at the hearing that he was not aware of any evidence indicating appellant was intoxicated when he shot his wife. Given appellant’s statement to police in which he admitted to killing his wife because she would not return to him, trial counsel believed the only viable defense was that appellant acted in the heat of passion.
*1195 Because appellant has not demonstrated that the trial court erred in finding the representation afforded appellant did not fall outside the wide range of acceptable conduct, the order denying relief is AFFIRMED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.

. A jury instruction regarding intoxication need not be given simply because there is evidence of alcohol consumption. If there is evidence of the use of intoxicants but not intoxication, a jury instruction is not required. Jacobs v. State, 396 So.2d 1113 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981), and Lambrix v. State, 534 So.2d 1151 (Fla.1988).